995 F.2d 1062
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Don Wayne HAGIE, Petitioner-Appellant,
v.
J. C. PINION; State of North Carolina; North Carolina
Department of Corrections; NC Attorney General,
Respondents-Appellees.
 No. 91-7518.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: May 19, 1993
Decided: June 7, 1993
 
 Appeal from the United States District Court for the Middle District of North Carolina, at Salisbury. Frank W. Bullock, Jr., Chief District Judge. (CA-90-35-S)
 Don Wayne Hagie, Appellant Pro Se.
 Richard Norwood League, Office of the Attorney General of North Carolina, Raleigh, North Carolina, for Appellees.
 M.D.N.C.
 DISMISSED
 Before MURNAGHAN, HAMILTON, and LUTTIG, Circuit Judges.
 PER CURIAM:
 
 
 1
 Don Wayne Hagie appeals from the district court's order denying relief and dismissing his 28 U.S.C. § 2254 (1988) petition. Our review of the record and the district court's opinion accepting the recommendation of the magistrate judge discloses that this appeal is without merit. Accordingly, we deny a certificate of probable cause to appeal and dismiss the appeal. As to the substance of the § 2254 claims, we dismiss on the reasoning of the district court. Hagie v. Pinion, No. CA-90-35-S (M.D.N.C. Jan. 29, 1991). Hagie has also alleged district court error and attorney error at the evidentiary hearing below. We address these contentions in turn.
 
 
 2
 Hagie alleges that the district court erred in denying his second motion for the production of witnesses without prepayment of costs. The district court found that the witnesses would not produce relevant testimony and therefore denied the motion. The district court's determination of relevancy is reviewed only for abuse of discretion. United States v. Vogt, 910 F.2d 1184, 1192 (4th Cir. 1990), cert. denied, 59 U.S.L.W. 3561 (U.S. 1991). Hagie has alleged nothing more than that the conclusion of the district court was wrong. No abuse of discretion has been shown; therefore, the motion was correctly denied.
 
 
 3
 Hagie also alleges that the district court erred in failing to grant his motion that the transcripts of his original criminal trial and the § 2254 evidentiary hearing be made a part of the record. The magistrate judge denied the motion; however, the record does and did contain both of these transcripts. This issue is moot.
 
 
 4
 Finally, Hagie contends on appeal that his attorney's performance at the evidentiary hearing constituted ineffective assistance of counsel, in violation of his Sixth Amendment rights. There is no right to counsel in post-conviction proceedings. Pennsylvania v. Finley, 481 U.S. 551, 556-57 (1987). Therefore, even if his attorney erred, that error does not provide any basis for habeas relief.
 
 
 5
 Hagie's allegations of attorney error are without any basis in law. Further, because the district court properly dismissed Hagie's petition and did not err in denying Hagie's motions, we dismiss his appeal. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 DISMISSED